# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2479

_____

United States of America,

        Appellee,

v.

Jimmy J. Bowman,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: October 25, 2006
Filed:  November 8, 2006

_____

Before MURPHY, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

A jury found Jimmy J. Bowman guilty of conspiring to commit a bank robbery and to use and carry a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c), and 2113(a); attempting to commit a bank robbery during which a person was assaulted or had his life put in jeopardy by the use of a dangerous weapon, in violation of 18 U.S.C. §§ 2 and 2113(d); using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c); and being a felon in possession of ammunition, in violation of 18 U.S.C.

§ 922(g)(1). The district court[1] sentenced him to a total of 192 months in prison and 5 years of supervised release.

On appeal, Bowman's counsel initially moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence for his convictions. On June 8, 2006, after reviewing the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we denied the withdrawal motion and ordered the attorneys to brief one issue: "is the evidence sufficient to support Bowman's conviction for using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)?" Having reviewed the briefs on that issue as well as the rest of the record, we now affirm.

In reviewing a challenge to the sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict, draw all reasonable inferences in favor of the verdict, and reverse only if no reasonable jury could find the defendant guilty beyond a reasonable doubt. See United States v. Spears, 454 F.3d 830, 832 (8th Cir. 2006).

Bowman argues only one firearm was used or carried during the bank robbery, and that firearm cannot serve as the basis for the conviction because it was an antique. We reject this argument. Although the majority of the witnesses testified that only one firearm was present, one witness–the bank janitor–testified that he thought he saw two firearms. While the janitor had equivocated in the past about how many firearms were involved, "the jury has sole responsibility for resolving conflicts or contradictions in testimony, and we must resolve credibility issues in favor of the verdict." Id.

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Having concluded that the evidence sufficiently supported Bowman's convictions, we affirm the judgment of the district court.

_____